**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GARRY YARRINGTON, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>GARDENS OF GETTYSBURG 741, et al.,<br><br><br>        Defendants. | CIVIL ACTION NO. 1:25-CV-02440<br><br>(MEHALCHICK, J.) |

**ORDER**

Plaintiffs, Garry Yarrington ("Yarrington") and Jodie Louise Byrne ("Byrne") (together, "Plaintiffs"), initiated this action on December 17, 2025, by filing a *pro se* complaint alleging Defendants Gardens of Gettysburg 741, Steve Burgoon, Judge Shawn C. Wagner, Court Appointed Attorney for GTY, Michael Yarrington, Gensis Health Care, Gettysburg Hospital, and a Jane Doe (collectively, "Defendants") are liable for elder abuse, embezzlement, and violations of Plaintiffs' constitutional rights. (Doc. 1). On January 16, 2026, Byrne filed a motion for leave to proceed *in forma pauperis*. (Doc. 5). On February 12, 2026, Judge Bloom conditionally granted Byrne's motion to proceed *in forma pauperis* and screened the complaint in accordance with 28 U.S.C. § 1915(e)(2). (Doc. 7). Judge Bloom first analyzed Plaintiffs' unspecified constitutional claims, which must be brought under 42 U.S.C. § 1983. (Doc. 7, at 5-7). Judge Bloom concluded that a plaintiff may only bring Section 1983 claims against state actors, and it is unclear from the complaint whether all Defendants were acting as state actors when they allegedly violated Plaintiffs' constitutional rights. (Doc. 7, at 5-7) Judge Bloom further determined that amongst the Defendants is Judge Shawn C. Wagner, a Pennsylvania state court judge, and state court judges are generally "entitled to

immunity from civil liability for claims arising out of acts taken in their official capacities." (Doc. 7, at 7). Finally, Judge Bloom determined that the Court does not have jurisdiction over Plaintiffs' remaining claims such as their claim that Defendant Steve Burgoon should be disbarred and their embezzlement and elder abuse claims. (Doc. 7, at 8). According to Judge Bloom, the power to disbar Pennsylvania attorneys resides solely with the Pennsylvania Supreme Court, and Plaintiffs' embezzlement and elder abuse claims appear to be seeking to civilly enforce criminal statutes which do not create civil, private rights of action. (Doc. 7, at 8). In line with these findings, Judge Bloom recommended the Court dismiss the complaint but grant Plaintiffs leave to file an amended complaint curing the outlined deficiencies. (Doc. 7, at 8-9).

On February 26, 2026, Byrne filed a timely objection.[1] (Doc. 11). After Byrne sent numerous *ex parte* communications to Judge Bloom's chambers, the Court ordered Byrne to cease all *ex parte* email and telephonic communications with either Judge Bloom or the Undersigned's chambers. (Doc. 12). In response, Byrne filed two documents labeled "Motion to Clarify" in which she takes issue with both the tone of the Court's order and restates certain allegations in her complaint. (Doc. 13; Doc. 14). The Court liberally construes these motions as late-filed objections, consistent with the Supreme Court's directive.[2] *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (stating "[a] document filed *pro se* is 'to be liberally construed'") (citing

---

[1] Byrne initially filed her objection as a motion to expedite on February 26, 2026, but refiled it as an objection on March 2, 2026, in response to the Court's request for her to refile. (Doc. 8; Doc. 11).

[2] On March 16, 2026, Byrne filed a third motion to clarify in which she requests the Court change her listed mailing address and restates certain allegations in her complaint. (Doc. 17). The Court **GRANTS** this motion to the extent Byrne is asking for the Clerk of Court to change her listed mailing address and directs the Clerk of Court to do so.

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). For the following reasons, Byrne's objections are **OVERRULED**, and the report and recommendation will be **ADOPTED IN ITS ENTIRETY**.

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)).

Byrne's objections do not respond to Judge Bloom's substantive findings and instead, restate allegations in the complaint, such as allegations of elder abuse, and list perceived injustices in the American judicial system. (Doc. 11; Doc. 13; Doc. 14). Courts in this circuit have held that even though *pro se* pleadings must be liberally construed, "courts should not assume the role of advocate and dismissal is proper where claims are supported only by vague and conclusory allegations." *Coley v. Beard*, No. CIVA 3:05CV2290, 2006 WL 1670253, at *5

3

(M.D. Pa. June 13, 2006). Objections should be overruled where the objector fails to respond to the report and recommendation's substantive holdings and merely repeats allegations alleged from the operative complaint. *See Wassel v. Pike Cnty.*, No. 3:22CV145, 2025 WL 1710245, at *4 (M.D. Pa. June 18, 2025) (overruling an objection to a report and recommendation where the objection was "nonresponsive to the [report and recommendation]" and "only reiterat[ed] portions of the plaintiff's narrative from his amended complaint"); *see also Gary v. Workers Comp. Appeals Bd.*, No. 1:19-CV-961, 2019 WL 13440623, at *1 (M.D. Pa. June 24, 2019) (overruling an objection to a report and recommendation because the objection "merely restate[d] facts and arguments previously presented in [the plaintiff's] complaint"). Byrne's objections fail because they do not respond to any of Judge Bloom's substantive findings. (Doc. 11; Doc. 13; Doc. 14); *see Wassel*, 2025 WL 1710245, at *4; *see also Gary*, 2019 WL 13440623, at *1.

The Court agrees with Judge Bloom's sound reasoning and discerns no error of law. Accordingly, the report and recommendation (Doc. 7) is **ADOPTED IN ITS ENTIRETY** as an opinion of the Court. The complaint is **DISMISSED without prejudice**. (Doc. 1). Plaintiffs are granted 21 days from the date of this Order to file an amended complaint, or on or before Wednesday, April 8, 2026. Failure to do so may result in dismissal of this action. Byrne's request to change her listed mailing address (Doc. 17) is **GRANTED**, and the Clerk of Court is directed to change Byrne's listed address.

**BY THE COURT:**

Dated: March 18, 2026

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**

4