**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

GARRY YARRINGTON, et al.,

   Plaintiffs,

  v.

GARDENS OF GETTYSBURG 741, et al.,

   Defendants.

CIVIL ACTION NO. 1:25-CV-02440

(MEHALCHICK, J.)

## ORDER

On December 17, 2025, *pro se* Plaintiffs Garry Yarrington and Jodie Louise Byrne ("Byrne") (together, "Plaintiffs") initiated this action by filing a complaint against Defendants Gardens of Gettysburg 741, Steve Burgoon, Judge Shawn C. Wagner, Court Appointed Attorney for GTY, Michael Yarrington, Gensis Health Care, Gettysburg Hospital, and a Jane Doe (collectively, "Defendants"). (Doc. 1). On January 16, 2026, Byrne filed a motion for leave to proceed *in forma pauperis*. (Doc. 5). On February 12, 2026, Judge Bloom conditionally granted Byrne's motion to proceed *in forma pauperis* and screened the complaint in accordance with 28 U.S.C. § 1915(e)(2). (Doc. 7). After screening the complaint, Judge Bloom recommended that the Court dismiss the complaint without prejudice and grant leave to amend. (Doc. 7). Byrne filed "motions to clarify" which the Court liberally construed as objections to the report, however, the objections did not respond to Judge Bloom's substantive findings. (Doc. 11; Doc. 13; Doc. 14; Doc. 18, at 2). The Court agreed with Judge Bloom's report and dismissed the complaint without prejudice. (Doc. 18). The Court granted Plaintiffs leave to file an amended complaint by April 8, 2026. (Doc. 18, at 4). On April 4, 2026, Byrne filed another "Motion to Clarify." (Doc. 19). However, the cover page of the filing states that

it is a "Complaint Regarding Human Rights. Violations of Garry Yarrington and Jodie Louise Byrne." (Doc. 19, at 1). The Court will liberally construe this document to be a timely filed amended complaint since Byrne filed no other timely amended complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (stating "[a] document filed *pro se* is 'to be liberally construed'") (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Keo v. N. E. Reg'l Police Dep't*, No. 25-2579, 2025 WL 3084760, at *1 (3d Cir. Nov. 4, 2025) (nonprecedential) (affirming a district court's decision to liberally construe a *pro se* filing as a timely filed amended complaint and then dismiss that amended complaint). For the following reasons, the Court dismisses this action and denies further leave to amend.

Under 28 U.S.C. § 1915(e)(2)(B)(ii), where a plaintiff is proceeding *in forma pauperis*, the Court must screen the complaint to determine whether the plaintiff states a claim from which relief can be granted. Courts screen complaints in accordance with the Rule 12(b)(6) motion to dismiss standard. *See Coward v. City of Philadelphia*, 546 F. Supp. 3d 331, 333 (E.D. Pa. 2021). A court should dismiss a *pro se* amended complaint where the plaintiff does not correct the deficiencies which led the Court to dismiss the initial complaint. *See Jenkins v. Transp. Workers Union, Loc. 234*, No. CV 19-1904, 2020 WL 85966, at *3 (E.D. Pa. Jan. 7, 2020), *aff'd sub nom. Jenkins v. Transp. Workers Loc. 234*, No. 20-1360, 2021 WL 3781719 (3d Cir. Aug. 26, 2021) (stating "[Plaintiff] has failed to correct the deficiencies in her initial complaint and, therefore, the Court dismisses her Amended Complaint in its entirety"); *see also Tufano v. Frankies Free Range Meat Conspirators*, No. 3:24-CV-846, 2024 WL 5318269, at *3 (M.D. Pa. Nov. 6, 2024), *report and recommendation adopted*, No. 3:24-CV-846, 2024 WL 5318270 (M.D. Pa. Dec. 9, 2024) (recommending the court dismiss claims in an amended

complaint where the plaintiff repeated errors which already led to dismissal of the original complaint).

The Court previously dismissed Plaintiffs' complaint because 1) Plaintiffs attempted to raise Section 1983 claims against non-state actors without alleging their actions are fairly attributable to the state, 2) Plaintiffs' claims against Pennsylvania State Court Judge Shawn C. Wagner were barred by judicial immunity, 3) Plaintiffs sought the Court to disbar a Pennsylvania attorney but the Court has no jurisdiction over disbarment proceedings, and 4) Plaintiffs attempted to bring civil elder abuse and embezzlement claims pursuant to criminal statutes which provide no civil cause of action. (Doc. 7, at 5-9; Doc. 18, at 3-4). The amended complaint accuses the Court of not reading the previous complaint, asserts that Byrne and her father are victims of elder abuse, and asserts that the Court is complicit in Byrne and her father's abuse. (Doc. 19). Plaintiffs do not list any new causes of action not previously dismissed by the Court or provide any allegations curing the complaint's previous deficiencies. (Doc. 7, at 5-9; Doc. 18, at 3-4; Doc. 19). Because Plaintiffs do not cure the deficiencies previously outlined by Judge Bloom and the undersigned, the Court finds that the amended complaint fails to state a claim from which relief can be granted and dismisses this action.[1] *See Jenkins*, 2020 WL 85966, at *3; *see also Tufano*, 2024 WL 5318269, at *3. The

---

[1] Because the Court dismisses this action, the Court **DENIES** Byrne's pending motion to clarify **as moot**. (Doc. 17); *see Tunsil v. Taylor,* No. 1:25-CV-00879, 2025 WL 3485417, at *4 (M.D. Pa. Dec. 4, 2025) (stating "[c]onsidering there is no operative complaint in the matter, and the claims raised in the amended complaint will be dismissed with prejudice, the court will deny [the] pending motions as moot"). The Court also notes that Byrne demands a hearing. (Doc. 19, at 2-3). However, Courts need not hold a hearing before screening and dismissing a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Castro-Mota v. Miesel*, No. 3:24-CV-00676, 2024 WL 3522042, at *3 (M.D. Pa. July 24, 2024) (screening and dismissing a *pro se* complaint and denying a request for a hearing). Accordingly, the Court **DENIES** Byrne's request for a hearing. (Doc. 19, at 2-3).

Court further denies leave to amend because Plaintiffs have already had a second opportunity to state a claim but have failed to cure the deficiencies previously outlined by the Court. *See Lawrence v. Fed. Bureau of Prisons*, No. 1:23-CV-00060, 2023 WL 2923134, at *4 (M.D. Pa. Apr. 12, 2023) (stating "[Plaintiff] has already been granted leave to amend once. Further leave to amend will be denied because [Plaintiff] has failed to cure the fundamental deficiencies with his complaint even after 'amendments previously allowed'" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). While the Court denies leave to amend, the Court acknowledges Plaintiffs' *pro se* status and dismisses the Plaintiffs' amended complaint without prejudice to Plaintiffs' ability to file a separate action in a court of appropriate jurisdiction. *See Pollick v. Lackawanna County Prison*, No. 1:26-CV-642, 2026 WL 897375, at *4 (M.D. Pa. Mar. 30, 2026) (dismissing a case without prejudice to the plaintiff's ability to file a separate action but denying leave to amend and directing the Clerk of Court to close the matter).

Accordingly, the Court **DISMISSES** this action **without prejudice** to Plaintiffs' ability to file a separate action but **DENIES** leave to file an amended complaint. The Clerk of Court is directed to close this matter.

**BY THE COURT:**

**Dated: April 15, 2026**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**